TENNESSEE COAL, IRON & RAILROAD CO. v. PIERCE.

(Circuit Court of Appeals, Fifth Circuit. June 11, 1897.)

No. 590.

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

A contract between a corporation and a workman who has received injuries while in its service, that he shall be paid a given rate of wages per month, and shall render such services as he can, without any stipulation as to duration, is not an undertaking to pay such workman an annuity during the remainder of his life, but a contract of employment by the month, which may be terminated by either party at the end of any month.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

Walker Percy and W. I. Grubb, for plaintiff in error.

W. A. Guntor and Robert C. Redus, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

McCORMICK, Circuit Judge. Frank H. Pierce, the defendant in error, brought his action in the state court of Alabama against the Tennessee Coal, Iron & Railroad Company, plaintiff in error, on January 22, 1892. His declaration, filed on the same day, is as follows:

"The plaintiff claims of the defendant, a body corporate, incorporated under the laws of the state of Tennessee, and resident and doing business in said state of Alabama, county of Jefferson, the sum of fifty thousand dollars, as damages for the breach of a certain contract in writing entered into between the plaintiff and the defendant by its agent, in substantially the words and figures following,

to wit: '4th of June, 1890. Whereas, I, F. H. Pierce, while in the employ of the Tennessee Coal, Iron & Railway Company, Pratt Mines division, as a machinist, was seriously hurt by a trip of tram cars on the main slope of the mine known as "Slope No. 2," and operated by the Tennessee Coal, Iron & Railroad Company, under circumstances which I claim render the said company liable to me for damages; but whereas, they disclaim any liability for said accident or injuries to me resulting from same, and both parties being desirous of settling and compromising said matter; and whereas, the said Tennessee Coal, Iron & Railroad Company did make me a proposition on the ―――― day of November, 1888, said accident having occurred on the 21st day of May, 1888, that they would furnish me such supplies from the commissary at No. 2 prison as I might choose to take, pay me regular wages while I was disabled, and give me my coal and wood for fuel at my dwelling, and the benefit of the convict garden at No. 2; and whereas, said proposition was accepted by me, and carried out by the said company; and whereas, in May, 1889, after I had resumed work, a further proposition was made to give me work, such as I could do, paying me therefor the wages paid me before said accident,—that is, $60 a month,—and, in addition, free house rent; and whereas, said agreement has been faithfully kept by both parties; and whereas, on the 4th day of June, 1890, it is mutually agreed between myself and the said company that it will be better to give me the house rent than the supplies of about equal amount from the commissary: Now, therefore, it is agreed that, in view of the above propositions, which have been faithfully carried out, that my wages from this date are to be $65 per month, and, in addition, I am to have, free of charge, my coal and wood necessary for my household use at my dwelling, and the same benefit from the garden as is had by others who are allowed the garden privilege, and I, on my part, agree and bind myself to release the said company from any and all liability for said accident, or from injuries resulting to me from it, or the effects of it, and agree that this is to be a full and satisfactory settlement of any and all claims which I might have against said company.' And plaintiff avers that in and by said agreement the said defendant, for the consideration therein mentioned, became liable to pay to the plaintiff monthly during his life the wages stipulated therein to be paid to him monthly, to wit, the sum of sixty-five dollars, and to furnish him at his dwelling, free of charge, the coal and wood necessary for his household use, and to allow him the same benefit from the garden of the said defendant as is had by others who are allowed the garden privilege; and plaintiff avers that others then had, and since have had, the free use of the garden of said defendant for vegetables for domestic use, and that this privilege is worth the sum of five dollars per month; and plaintiff avers that he has at all times been ready and willing and offered to do for said defendant such work given to him to do as he was able to do, and that he has labored at the same for such reasonable time as he was able to work and bound to work under said contract. And plaintiff avers that by the injuries received by him from said accident mentioned in said contract, he was permanently disabled in the use of his legs and hands; and that he was so otherwise injured thereby that his strength and health is such that he is incapacitated to reasonably do more work for the said defendant than he has done and offered to do since the said contract was entered into; and that he has, at all times since the said contract was entered into, fully carried out and performed the stipulations on his part to be done and performed. But the plaintiff avers that the said defendant has, without any reasonable ground for so doing, abandoned said contract, and refused to carry the same out, claiming that there is no obligation upon it to pay plaintiff the wages therein stipulated to be paid longer than it suits its pleasure to do so, and accordingly said defendant has wholly neglected and refused to be governed by the terms of said contract, and has failed and refused to pay plaintiff the sum of sixty-five dollars for six months last past before the commencement of this suit, and has failed and refused to furnish the defendant at his dwelling the coal and wood necessary for his household use for the same period, and plaintiff avers that the value of the coal and wood necessary for his household use is worth the sum of five dollars per month, and that said defendant has wholly and purposely disregarded and refused to abide by the obligations of said contract for the said period of six months last past before the commencement of this suit, and has wholly and entirely abandoned said contract, and discharged the plaintiff from its service.     Wherefore the

said defendant became liable to pay to the plaintiff his reasonable damages, which plaintiff avers was and is the sum of fifty thousand dollars, for its breach and abandonment of the stipulations of the said contract above set out; and, being so liable, and in consideration thereof, the said defendant promised to plaintiff on, to wit, the 1st day of February, 1891, to pay plaintiff the sum of fifty thousand dollars, but, though often requested so to do, has hitherto neglected and refused, and still neglects and refuses, to pay the same, to the damage of the plaintiff fifty thousand dollars, for which he sues."

On January 29, 1894, the plaintiff in error, defendant in the state court, was allowed to withdraw its plea, and file demurrers to the complaint. The demurrer was sustained by the court, and, the plaintiff declining to amend, the court rendered judgment in favor of the defendant. From this judgment of the state circuit court the plaintiff in that action appealed to the supreme court of the state of Alabama. The record before us does not show any further action in the state court. It does show that upon application of plaintiff in error, presented March 23, 1896, to the circuit court of the United States, that court granted an order for the removal of the cause from the state court to the circuit court. It appears that the defendant demurred to plaintiff's complaint in the circuit court, and that the demurrer was overruled January 4, 1897. On the same day, the defendant filed the following pleas:

"(1) The defendant, for answer to the complaint, says that it denies each and every allegation therein contained. (2) The defendant, for further answer to the complaint, says that the plaintiff, under and by the terms of the contract set out in the complaint, contracted to perform for the defendant during the term thereof such service as he was able to perform, in consideration for the promises made by defendant therein, and the defendant avers that the plaintiff thereafter became able to perform service for the defendant, and did in fact perform such service for some time thereafter; and that, while engaged in the performance of such service, the plaintiff voluntarily, and without excuse therefor, refused to further perform such service as he was able to perform, and was in fact performing, for the defendant, as required by said contract, and the defendant thereupon discharged the plaintiff from its service; and the defendant avers that the plaintiff failed to comply with the conditions imposed upon him by said contract. (3) The defendant, for further answer to the complaint, says that the contract upon which this action is founded is not executed by it, or any one authorized by it to bind it in the premises, and defendant makes oath that this plea is true."

Plaintiff joined issue on the first and third pleas, and demurred to the second plea, on the ground that said plea does not go to the whole consideration of the contract, and is no answer to the entire action. Plaintiff's demurrer to the second plea was sustained. On the trial there was a substantial conflict in the testimony admitted, but there was credible positive testimony tending to establish the defendant's second plea. The plaintiff testified on his own behalf, and, being cross-examined by the defendant's counsel, was asked to state the conversation and agreement made and had between him and Mr. McCormack with reference to what the company would do for him when the first agreement was made, in November, 1888. To this question plaintiff, by counsel, objected, on the ground that this agreement was contained or merged in the original agreement, which was in writing. The court sustained the objection, and the defendant excepted. The defendant's counsel also asked plaintiff to state what the agreement between him and Mr. McCormack was which was

made in May, 1889. The plaintiff, by counsel, made the same objection to this question, which was sustained by the court, and the defendant excepted.

The court gave to the jury the following written instruction, and no other, either oral or written:

"Under the evidence in this case, I charge you that the plaintiff is entitled to recover in this action, and the measure of his damages is the aggregate amount of all the installments of seventy dollars for each month in default and unpaid from the time of the commencement of the employment under the contract sued on until the time of the trial, with interest on each installment from the time it fell due up to the time of the trial, which amounts, under the evidence, to the sum of $5,893."

In obedience to this instruction, the jury returned a verdict in favor of the plaintiff for $5,893, on which judgment was duly rendered, and the defendant sued out this writ of error.

We cannot affirm this judgment, and we find it very difficult to discuss the propositions which the case presents, because they appear to us to be anomalous. On no view of the pleadings and proof which we can take was the trial court justified in directing a verdict in this case. The charge given to the jury plainly withdrew the case from their consideration, and their action, as far as they acted, was purely clerical. After hearing the able oral arguments submitted by counsel for the respective parties, and carefully considering the elaborate briefs filed by each, and thoroughly examining the record, we remain at a loss to know exactly what view of the case induced the action of the circuit court. As has been already said, the record in this case does not bring up before us any judgment of the state court except the action of that court sustaining the demurrer to the plaintiff's declaration, and dismissing the plaintiff's cause of action. We infer, from the case remaining in the state court and being removed to the circuit court, that the action of the state circuit court was reversed by the supreme court. Both counsel have referred to an opinion of the supreme court of Alabama reversing that judgment, and construing the contract declared on in this case. There are suggestions in the brief in reference to the suppression of a part of the opinion, and some action, not very intelligible, on an application for rehearing. The only thing that does satisfactorily appear is that the supreme court of Alabama decided that the demurrer to plaintiff's action was improperly sustained, and the plaintiff's cause improperly dismissed, and that the judgment of the state circuit court was reversed, and the cause remanded (19 South. 22); but the action thereon is not presented in a way to enlighten or embarrass us in the consideration of the contract as it appeared in the proceedings of the circuit court, and we are not able to construe that contract in the manner that the judge of the circuit court must have construed it in order to have ruled as he did on the admission of evidence, and to give the instruction embraced in his charge to the jury. It appears on the face of the paper declared on that plaintiff was injured on May 21, 1888; that the defendant verbally agreed to furnish him such supplies from the commissary as he might choose to take, to pay him regular wages while he was disabled, and to give him coal and wood for fuel at his

dwelling, and the benefit of the convict garden,—all of which the defendant did, or, in the language of the contract, carried out. It appears further on the face of the contract that after the plaintiff had resumed work there was a verbal agreement made in May, 1889, between the parties to the effect that he should do such work as he could do, and that the defendant would pay him therefor $60 a month, and, in addition, free house rent, and that this agreement was faithfully kept by both parties until June 4, 1890, when the writing declared on passed between the parties, which, after reciting the facts just stated, continues in these words, viz.:

"It is mutually agreed between myself and the said company that it will be better to give me the house rent than the supplies of about equal amount from the commissary. Now, therefore, it is agreed that, in view of the above propositions, which have been faithfully carried out, that my wages from this date are to be $65 per month, and, in addition, I am to have, free of charge, my coal and wood necessary for my household use at my dwelling, and the same benefit from the garden as is had by others who are allowed the garden privilege; and I, on my part, agree and bind myself to release the said company from any and all liability for said accident, or from injuries resulting to me from it, or the effects of it, and agree that this is to be a full and satisfactory settlement of any and all claims which I might have against said company."

It will be observed that the date of this writing is more than three years removed from the date of the injury suffered by the plaintiff. By the law of Alabama, such a cause of action is subject to the plea of limitation of one year. Besides what fully appears on the face of this writing, the proof abundantly shows that the plaintiff resumed work within the first year after receiving his injury, and that he had received wages and allowances from the time of his injury up to April 1, 1891. The plaintiff contends that the last paragraph of the writing declared on shows the yielding of a consideration, which the defendant cannot restore, and that this requires that the contract shall be construed as a contract for the permanent hiring of plaintiff by the defendant. The counsel suggests that the defendant fraudulently set a trap for the plaintiff, and induced him to enter into this contract, in order to escape liability for the personal injuries that plaintiff had sustained. It does not clearly appear to us that this consideration, if it was a consideration, has passed beyond the power of the defendant to restore, or of the plaintiff to claim, to the extent that he was in a condition to claim it at the date of the execution of the writing. The practical effect of the construction claimed by the plaintiff, and shown by the verdict in this case, shocks the common judgment and conscience, and to support it would require express terms in the writing. Such express terms do not appear. On the contrary, to us it appears that the defendant had been dealing tenderly with the plaintiff, on account of the very severe injuries which the plaintiff had received in the defendant's service; that, while all along denying its liability for those injuries, it had done what it could to alleviate them, and this condition of friendly accord had progressed for more than three years. Plaintiff probably reiterating his claim against the defendant for the injuries, or dwelling upon it, and the defendant desiring to have the relations between the parties put upon a business basis, it was certainly not a matter of

small consequence to the plaintiff to secure the employment which in this written agreement the defendant expressed itself willing to continue. The proof shows that the service the plaintiff could render, and was rendering, and had been rendering for two years after his wounds had healed, was reasonably worth about the wages and the allowances which the defendant consented to give. It shows also that he was not quite as efficient as a man with two good hands and two sound legs would have been with like skill and experience, but, to our minds, there is nothing on the face of this paper that indicates that the defendant, for a disputed claim that was thrice barred, was willing to give, or was giving, a binding contract to pay an annuity to a man 55 years old at the rate of $840 a year as long as he should live. His disability was fixed more than two years before the date of this writing. Exactly how much he was disabled was known, not only to him, but to the defendant. It is easier to say what the contract does not mean than to declare authoritatively and clearly what is the proper construction of the contract. The defendant contends that it is an employment by the month, and, like every other such employment, subject to be discontinued, at the will of either, at the expiration of any month, or at any time, for adequate cause. This construction comports more with the terms of the writing itself, and we conclude it is the only intelligible construction to be put upon the writing.

It appears to us that the plaintiff has been led into this contract, and into the loss of valuable employment, by his own misconstruction of the contract. His own testimony on the trial of this case showed clearly that in his dealings with the agent of the defendant he relied upon the unfounded belief that he had the defendant bound to pay him an annuity of $70 a month for the rest of his life, and that he could work or not, as he pleased,—a kind of servant that would not be very valuable to any employer. We conclude that the demurrer to the declaration should have been sustained, and for the error of the court in overruling the demurrer—without further comment on other errors indicated—the judgment of the circuit court is reversed, and the cause is remanded to be proceeded with in that court in accordance with the views we have expressed.

PARDEE, Circuit Judge, dissents.